## Glemba v. Gaso

*William Jon McCormick,* for claimants.
*Frank C. Carroll,* for owners.

PER CURIAM, June 9, 1975—This matter is before us on preliminary objections to the mechanic's lien filed by claimants.

On or about June 24, 1974, Lawrence R. Gaso and Kathleen R. Gaso, his wife, who are the owners of property in Bentleyville, Pa., obtained a loan from First Federal Savings and Loan Association of Greene County in order to remodel and add two rooms to their existing home. At the same time, a release and waiver of right to file mechanic's liens was filed at May term, 1974, M.L.D. no. 203, showing Lawrence R. Gaso and Kathleen R. Gaso as owners, and Lawrence R. Gaso as contractor.

Subsequent thereto, Lawrence R. Gaso contracted with Joseph Glemba to do certain of the work and to supply certain material for the remodeling and the addition. As work progressed, various disputes and differences arose and, as a result, Gaso refused to pay Glemba the moneys which were due and owing. Thereupon, the claimants filed a mechanic's lien against Lawrence Gaso and Kathleen Gaso, his wife, on December 24, 1974. The preliminary objections relate to the propriety of service of the notice of lien and to the fact that a stipulation waiving the right to file liens had been filed of record.

The affidavit of service filed in this case states that two copies of the notice of the filing of the lien were served on the owners by handing them to de-

fendant, Lawrence Gaso. It is argued that this did not effect service on the wife. We do not agree. This same question was decided adversely to the owners in Pittsburgh Plate Glass Co. v. Valeni, 112 Pitts. L. J. 466, (1964), and we agree with that holding. In Valenti, the Court of Common Pleas of Allegheny County held that where husband and wife owned property by the entireties, service of two copies of the notice on one spouse at their place of residence was sufficient.

With respect to the second contention, i.e., that a waiver of liens had been filed, it has long been held that if the general contractor is the agent of the owner, or if the owner, in executing a waiver, is actually dealing with himself, then the property is nevertheless subject to lien. See Norristown Federal Savings and Loan Ass'n. v. Greisler, 68 York 98 (1954).

Accordingly, the preliminary objections filed by the owners are hereby dismissed.